# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **EDWARD SIMS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| **WEST COAST UNDERGROUND,** ) | |
| **INC.,** ) | |
| ) | |
| Defendant. ) | |
| _____/ | |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, EDWARD SIMS ("Plaintiff" or "Sims"), and files his Complaint against Defendant, WEST COAST UNDERGROUND, INC. ("Defendant" or "WCU"), and in support states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA") and the Florida Civil Rights Act of 1992 Fla. Stat. §§760.10, *et seq.* (hereinafter "FCRA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful discrimination and harassment against Plaintiff due to his disability leading to his unlawful termination.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights.

4. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the Florida Civil Rights Act of 1992 pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this District.

## THE PARTIES

6. Plaintiff, Sims, is a citizen of the United States, and is and was at all times material, a resident of the state of Florida, residing in Hillsborough County, Florida.

7. Defendant, WCU, is a Florida Profit Corporation with its principal place of business in Spring Hill, Florida.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On January 10, 2020, Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on disability and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

12. On February 17, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue, issued upon request.

13. This complaint was filed within ninety days of the EEOC's issuance of the Notice of Right to Sue and within one year of the FCHR's Notice of Rights.

## FACTS

14. Plaintiff was employed by Defendant in a full-time capacity for approximately eight months.

15. Plaintiff is a disabled/handicapped male.

16. Plaintiff's disability substantially limited his major life activities including bending, sleeping, and standing.

17. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

18. At all times material, Plaintiff was able to perform the essential functions of his job with or without accommodations.

19. On or about October 21, 2019, Plaintiff was injured in an automobile accident while driving a company truck.

20. The following day, Plaintiff notified Brian Wagner (Owner), Bradley Wagner (Superintendent), and Charles Vanderhall (Superintendent), of the accident. Plaintiff informed them that he injured his back in the accident and he would be seeking medical treatment.

21. On or about October 28, 2019, Plaintiff was diagnosed with three herniated discs and a bulging disc in his back. Plaintiff informed Mr. Brian Wagner, Mr. Bradley Wagner, and Mr. Vanderhall of the same.

22. Almost immediately thereafter, Mr. Brian Wagner and Mr. Bradley Wagner began to assign Plaintiff tasks outside the scope of Plaintiff's position.

23. Plaintiff's position as Pipe Foreman was a managerial role which included managing and supervising the work performed by the crew assigned to him.

24. However, after notifying Defendant of his injuries Plaintiff was directed to complete manual labor tasks such as laying pipes. Defendant refused to allow Plaintiff to hire a crew to complete pipe laying jobs and forced Plaintiff to complete the jobs on his own.

25. Additionally, Plaintiff was assigned to complete yardwork at the Wagner's personal homes.

26. Defendant demoted Plaintiff from a Pipe Foreman role when it stripped him of his job duties and assigned him general laborer tasks.

27. Plaintiff verbally complained to Mr. Vanderhall about the tasks he was being assigned and explained that the physical labor was exacerbating his disability.

28. In response Mr. Vanderhall informed Plaintiff if he tried to turn in any type of doctor's note for accommodation Plaintiff would be terminated.

29. Due to the worsening pain resulting from completing manual labor outside of his normal job duties, Plaintiff sought additional medical treatment.

30. Plaintiff's doctor advised Plaintiff work under light duty restrictions and explained that Plaintiff would not recover properly if he continued to complete tasks outside of his normal job duties such as yardwork and laying pipes.

31. On or about November 29, 2019, Plaintiff submitted a doctor's note to Mr. Bradley Wagner and made a reasonable request for accommodation in the form of light duty.

32. Approximately two hours after Plaintiff made his request for accommodation Mr. Vanderhall informed Plaintiff that his employment had been terminated because he had turned in a light duty doctor's note.

33. Later that day, Mr. Brian Wagner and Plaintiff exchanged texts wherein Mr. Brian Wagner stated Plaintiff was terminated "When you turned in a light duty note you put yourself in a no win situation. You know we don't have light duty in construction." See **Exhibit A**.

34. Mr. Brian Wagner went on to say, "with a light duty note I can't work with you" and "everything was fine until I found out you were on light duty."

35. Plaintiff has been damaged by Defendant's illegal conduct.

36. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

**<u>Count I:</u>**
**Disability Discrimination in Violation of the ADA**

37. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

38. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

39. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

40. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

41. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

42. Defendant intentionally discriminated against Plaintiff on the basis of his disability.

43. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

44. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious

disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count II:
### Failure to Accommodate in Violation of the ADA

45. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

46. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

47. Defendant was aware of Plaintiff's disability.

48. Defendant failed to accommodate Plaintiff's disability.

49. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

50. Defendant's actions have cause Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

51. Defendant has engaged in discriminatory practices with malice and reckless indifferent to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count III:
### Retaliation in Violation of the ADA

52. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

53. Defendant retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA by terminating his employment.

54. Defendant's conduct violates the ADA.

55. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

56. Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling him to compensatory damages.

57. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count IV:
### Handicap Based Discrimination in Violation of the FCRA

58. Plaintiff re-alleges and adopts as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

59. Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

60. Defendant is prohibited under the FCRA from discrimination against Plaintiff because of his handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

61. Defendant violated the FCRA by discriminating against Plaintiff based on his handicap.

62. Defendant intentionally discriminated against Plaintiff on the basis of his handicap.

63. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

64. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with the conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and punitive damages.

## Count V:
### Failure to Accommodate in Violation of the FCRA

65. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

66. At all times relevant to this action, Plaintiff was a qualified individual with a handicap within the meaning of the FCRA. Plaintiff has an actual handicap, has a record of being handicapped, and/or is perceived as being handicapped by Defendant.

67. Defendant was aware of Plaintiff's handicap.

68. Defendant failed to accommodate Plaintiff's handicap.

69. Defendant's discriminatory conduct, in violation of the FCRA has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

70. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

71. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count VI:
### Retaliation in Violation of the FCRA

72. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

73. Plaintiff engaged in protected activity under the FCRA while employed by Defendant.

74. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

75. Defendant's conduct violated the FCRA.

76. Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

77. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

78. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's protected rights, thereby entitling him to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

                                      Respectfully Submitted:

                                      **/s/ Gary Martoccio**
                                      Gary Martoccio
                                      Florida Bar No. 99040
                                      **Spielberger Law Group**
                                      4890 W. Kennedy Blvd., Ste. 950
                                      Tampa, Florida 33606
                                      T: (800) 965-1570
                                      F: (866) 580-7499
                                      Gary.Martoccio@spielbergerlawgroup.com

                                      *Counsel for Plaintiff*